## Thomas Seymour, Appellee, v. Illinois Southern Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Washington county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed May 1, 1915.

### Statement of the Case.

Action by Thomas Seymour against Illinois Southern Railway Company to recover damages for personal injuries sustained as a result of defendant's engine knocking plaintiff's horse against him. From a judgment for plaintiff, defendant appeals.

The issues upon which the case was heard and the evidence is practically the same as at a former hearing of the case which was appealed to this court and reported in 173 Ill. App. 326. In April, 1910, defendant was operating its railroad which passed east and west through the north limits of the city of Nashville. Depot street extends north from the public square of said city, upon or near which defendant's depot is located.

East of this street one block, and running parallel with it, is Mill street. Defendant's road intersects these streets, the former at or near its switch extending from west of Depot street east across Mill street and to the Hughey mills located five or six hundred feet east of Mill street. The track at some point between Depot street and the mills, curves to the northeast; this side track was used by persons transacting business with the defendant, as a place for loading and unloading freight into and out of wagons. On April 1st plaintiff was engaged in unloading stone from a car standing upon this track, and in connection with such unloading he was using a team and had in his employ a man by the name of Jones who assisted him in unloading the stone from the car onto the wagon; plaintiff was using two wagons and one team of horses. While Jones loaded one wagon plaintiff would take the other wagon loaded with stone and deliver it, come back and leave the empty wagon and change his team of horses to the loaded wagon. At five o'clock in the afternoon, and while plaintiff was away with one of the wagons, a freight train of defendant's came in on its main line, unhooked the engine from the train and ran onto the switch and pushed the car of stone back to the mill, some six or seven hundred feet distant from where plaintiff and his assistant had been engaged in the unloading of stone from the car on defendant's road. While plaintiff was gone with this wagon Jones, the assistant, had loaded the wagon that had remained, and about the time that he had completed the loading of this wagon the engine pushed the car back to the mill. While the engine was at or near the mill and around a curve, plaintiff returned with his empty wagon and finding the other wagon loaded unhooked his team, drove the horses over the tongue of the loaded wagon and after driving his horses across the tongue he was at their heads attempting to fasten the neck yoke upon the horse nearest to the track. His

assistant at the same time was engaged in hooking the
horses up to the double trees, and at this time the en-
gine approached from the mill and, as it passed by, the
tank beam struck the horse nearest the switch upon the
rump and threw the horse forward several feet, and
in moving forward the horse struck plaintiff and in-
jured him. The wagon stood some two or three feet
away from defendant's track and far enough to clear
the cars as they passed by. The pilot beam on the en-
gine extended out over the tracks the same distance as
the tender beam, and was of the same height from the
ground. The pilot beam passed the horse without
striking him. The fireman stated that between the
the time the pilot beam passed the horse and the ten-
der beam reached it that the horse turned his rump
towards the engine, and that caused the tender beam
to strike him. The horse was a grey one and grey
hairs were afterwards found upon the tender beam.
There was a conflict in the evidence as to the speed at
which the engine was running at that time. The wit-
ness Jones fixed it at twenty miles an hour, while the
other witnesses fixed it from five to eight miles, and
others from ten to fifteen miles an hour. There was
also a conflict as to whether or not the employees of
defendant blew the whistle or rang the bell.

R. J. Goddard and J. A. Watts, for appellant.

T. M. Webb and G. C. Borders, for appellee.

Mr. Justice Harris delivered the opinion of the
court.

## Abstract of the Decision.

1. Railroads, § 528*—*when not required to give signal for bene-
fit of person unloading car.* A railroad company owes no statutory
duty to a person who is lawfully alongside its track for the pur-
pose of unloading a car, to ring the bell and blow the whistle of

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

an approaching engine, since the statute requiring such warning was enacted for the protection of persons upon the public highway and about to cross the railroad or enter upon its crossing.

2. RAILROADS, § 516*—*what duty owed to person on premises for purpose of unloading car.* A railroad company owes a person who is lawfully alongside its track for the purpose of unloading a car, the duty to not wantonly or wilfully or negligently injure him.

3. RAILROADS, § 528*—*when failure to signal not an element of wantonness.* The failure to give warning of the approach of an engine by the sounding of the bell and blowing of the whistle is of no weight in determining the question of wantonness in injuring a person lawfully alongside the tracks for the purpose of unloading a car, where the railroad company owes no duty to such person to give such warning.

4. RAILROADS, § 528*—*when failure to warn may be considered a question of due care.* The failure to give a warning as to the approach of an engine to one lawfully alongside a railroad track for the purpose of unloading a car is of weight in determining the question of reasonable care upon the part of the railroad company only when the failure to give such warning contributes to the injury.

5. RAILROADS, § 527*—*when evidence insufficient to show negligent operation.* Evidence in an action against a railroad company for personal injuries sustained as a result of an engine of defendant knocking plaintiff's horse against him while he was lawfully engaged in unloading a car on a side track, *held* insufficient to sustain a finding that the employees of defendant were guilty of negligence in the operation of the engine.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.